[See Case No. 8,458.]

―――――

## Case No. 8,458.

In re LODER.

[4 Ben. 328.] [1]

District Court, E. D. New York.　Oct., 1870.

DISCHARGE—PRINCIPAL DEBTOR—ENDORSER.

Where the discharge of a bankrupt was opposed by creditors, holding notes of a third party endorsed by the bankrupt, on the ground that his discharge was not assented to by a majority of his creditors, under the 33d section of the bankruptcy act, as amended by the act of July 27, 1868 [15 Stat. 227]: Held, that the bankrupt was not a "principal debtor" to such creditors within the meaning of the act, and that, as the discharge of the bankrupt was assented to by a majority of his creditors, in number and value, excluding the holders of such endorsements, he was entitled to his discharge.

[Cited in Re Badenheim, Case No. 716.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

―――――

## Case No. 8,459.

In re LODER et al.

[2 N. B. R. 515 (Quarto, 161); 2 Am. Law T. Rep. Bankr. 87.] [1]

District Court, S. D. New York.　April 20, 1869.

BANKRUPTCY—ASSIGNEE.

A person residing without, but having a fixed place of daily business within the judicial district, will be appointed assignee in a proper case.

[In the matter of Lewis B. Loder, Cyrus W. Loder, and Benjamin Loder, bankrupts. See Case No. 8,458.]

By I. T. WILLIAMS, Register: I hereby certify that there were thirty-five claims proved before me at the adjourned first meeting of creditors, held on the 15th day of April instant. That of these creditors twenty-one were present and voted. That each creditor voted for two assignees. That Lyman A. Jacobus had nineteen votes, John G. Davis had sixteen, Oscar Varet had two, Jeremiah Colby had four, and John Sedgwick had one. The vote being so largely in favor of Jacobus and Davis, both in number and amount, they

[1] [Reprinted from 2 N. B. R. 515 (Quarto, 161), by permission. 2 Am. Law T. Rep. Bankr. 87, contains only a partial report.]

were declared to be elected, none doubting such election. It subsequently appeared that said Jacobus resides in Brooklyn, and out of the judicial district. It being suggested by the attorney for the bankrupts that, under the circumstances, the court might see fit to order a new election, the register submits the facts that they may be known to the court when the names of the assignees so elect shall be presented for confirmation. Respectfully submitted.

BLATCHFORD, District Judge. Has Mr. Jacobus a fixed and permanent business in New York City, and a place where he does business there daily? Report the facts as to this.

By I. T. WILLIAMS, Register: Pursuant to the direction hereon endorsed, I hereby further certify that the said Jacobus has a fixed and permanent place of business in the city of New York, to wit: at No. 139 Duane street, in said city, where he carries on business as an importer.

BLATCHFORD, District Judge. I will appoint Mr. Jacobus and Mr. Davis assignees, which will cure every difficulty.